IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYANT GRAY,

       Plaintiff,

       v.                            Case No. 6:22-CV-1255-JAR-TJJ

TYSON FRESH MEATS, INC.,

       Defendant.

## MEMORANDUM AND ORDER

       Plaintiff Bryant Gray seeks monetary damages against his employer, Defendant Tyson Fresh Meats, Inc.  Plaintiff alleges that Defendant negligently aggravated and accelerated Plaintiff's preexisting stable stage-three chronic kidney disease.  Before the Court is Defendant's Motion to Dismiss Plaintiff Bryant Gray's Complaint (Doc. 8) in which it argues that Plaintiff fails to state a claim upon which relief can be granted because his claim is barred by the exclusivity clause of the Kansas Workers' Compensation Act ("KWCA").  The motion is fully briefed and the Court is prepared to rule.  For the reasons stated below, the Court denies Defendant's motion to dismiss without prejudice.

## I.    Factual and Procedural Background

       The following facts are alleged in the Complaint and assumed to be true for the purposes of deciding this motion.

       At all times material to this claim Plaintiff was employed by Defendant in the refrigeration department.  On November 20, 2020, Plaintiff sustained severe burns after being sprayed with ammonia when "pumping out" a refrigerator on his own.  In addition to these severe burns, the incident aggravated and accelerated Plaintiff's preexisting stable stage-three chronic kidney disease, resulting in his condition progressing to unstable and uncontrolled end-

stage-four/five chronic kidney disease, such that Plaintiff now requires dialysis and needs a kidney transplant.

Plaintiff filed a workers' compensation claim which remains pending.  On November 10, 2022, to avoid being barred by the statute of limitations, Plaintiff brought this diversity action, asserting negligence claims against Defendant under Kansas law.  Defendant moved to dismiss Plaintiff's claim under Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff's claims are barred by the exclusivity clause of the KWCA.  Plaintiff asserts that exclusivity under the KWCA is an affirmative defense for which Defendant bears the burden of proof that it cannot meet and that therefore, Defendant's motion to dismiss should be denied.  In the alternative, Plaintiff asks this Court to stay the case pending resolution of his workers' compensation claim.

## II.    Legal Standard

To survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain factual allegations that, assumed to be true, "raise a right to relief above the speculative level"[1] and must include "enough facts to state a claim for relief that is plausible on its face."[2] Under this standard, "the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."[3]  The plausibility standard does not require a showing of probability that "a defendant has acted unlawfully," but requires more than "a sheer possibility."[4]  "[M]ere 'labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citing 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216, at 235–36 (3d ed. 2004)).

[2] *Id*. at 570.

[3] *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

allegations to support each claim."[5]  Finally, the court must accept the nonmoving party's factual allegations as true and may not dismiss on the ground that it appears unlikely the allegations can be proven.[6]

The Supreme Court has explained the analysis as a two-step process.  For the purposes of a motion to dismiss, the court "must take all the factual allegations in the complaint as true, [but is] 'not bound to accept as true a legal conclusion couched as a factual allegation.'"[7]  Thus, the court must first determine if the allegations are factual and entitled to an assumption of truth, or merely legal conclusions that are not entitled to an assumption of truth.[8]  Second, the court must determine whether the factual allegations, when assumed true, "plausibly give rise to an entitlement to relief."[9]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[10]

## III.   Analysis

The KWCA provides an "exclusive remedy" provision stating that "[e]xcept as provided in the workers compensation act, no employer . . . shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act."[11]  "Accordingly, an employer may be civilly liable only when an

---

[5] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555).

[6] *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

[7] *Id*. (quoting *Twombly*, 550 U.S. at 555).

[8] *Id*. at 678–79.

[9] *Id*. at 679.

[10] *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

[11] K.S.A. § 44-501b(d).

employee's injury is not recoverable under the KWCA."[12]  If the employee can recover workers'
compensation benefits, then the employee may not also recover civilly for the same injury.[13]

The KWCA's exclusive remedy provision is an affirmative defense.[14]  The parties here
dispute the factual basis supporting the exclusivity affirmative defense.  Under Kansas law,
Defendant bears the burden of proving as a waivable, affirmative defense that workers'
compensation is Plaintiff's exclusive remedy.[15]  To meet the burden required by this exclusivity
defense, Defendant must show that Plaintiff could have recovered workers' compensation
benefits under the KWCA, even if such benefits were not actually recovered.[16]  Thus, to prevail,
Defendant must show that, according to the facts alleged in the Complaint: (1) an employer-
employee relationship existed between Plaintiff and Defendant; (2) the alleged injury occurred
"in the course of employment"; and (3) the alleged injury "arises out of employment," which
requires a showing that the accident is the "prevailing factor" in causing Plaintiff's medical
condition and resulting disability or impairment.[17]  The parties do not dispute the first or second
prong.  Rather, the parties dispute whether the "prevailing factor" requirement has been met
under the third prong.

---

[12] *Logue v. Layne Inliner, LLC*, No. 6:17-CV-01245-EFM-GEB, 2018 WL 2971746, at *2 (D. Kan. June 12, 2018) (citing *Endres v. Young*, 419 P.3d 497, 501 (Kan. Ct. App. 2018)).

[13] *Id*. (first citing *Fugit v. United Beechcraft, Inc.*, 564 P.2d 521, 523 (Kan. 1977); and then citing *Griffin v. United States*, 644 F.2d 846, 848 (10th Cir. 1981)).

[14] *Id*. at *4 (citing *Piper v. Stellar Fireworks, Inc.*, No. 10-2359-CM-DJW, 2010 WL 3943628, at *1 (D. Kan. Oct. 7, 2010)); *see also Bragg v. Big Heart Pet Brands, Inc.*, No. 21-2047-KHV, 2021 WL 4168119, at *5 (D. Kan. Sept. 14, 2021); *Sommerville v. Healthcare Servs. Grp., Inc.*, No. 11-4079-SAC, 2012 WL 1416703, at *2 (D. Kan. Apr. 24, 2012).

[15] *Logue*, 2018 WL 2971746, at *4.

[16] *Id*. at *2 (citing *Robinett v. Haskell Co.*, 12 P.3d 411, 414 (Kan. 2000)).

[17] *Id*. at *2.

"The terms 'arising out of' and 'in the course of' employment are terms of art as used in the KWCA."[18]  The term "in the course of employment" refers to the time, place, and circumstances surrounding the injury and whether the injury occurred while the employee "was at work in the employer's service." [19]  The term "arises out of employment", on the other hand, refers to whether the injury was caused by an accident or by a repetitive trauma.[20]  An injury by repetitive trauma, as is relevant here, "arises out of employment" only if

> (1) "[t]he employment exposed the worker to an increased risk or hazard which the worker would not have been exposed in normal non-employment life," (2) the increased risk or hazard "is the prevailing factor in causing the repetitive trauma," and (3) "the repetitive trauma is the prevailing factor in causing both the medical condition and resulting disability or impairment."[21] "'Prevailing' as it relates to the term 'factor' means the primary factor, in relation to any other factor."[22]

Both Plaintiff and Defendant have switched their perspectives on the issue of prevailing factor from the positions they maintain in the KWCA proceedings.  In the KWCA proceedings, Plaintiff argues that work was the prevailing factor causing his injuries, and Defendant argues that work was not the prevailing factor causing Plaintiff's injuries.  While the KWCA proceeding is still pending, Plaintiff brings the current action, asserting that work was not the prevailing factor of his injuries.  In response, Defendant asserts that an Administrative Law Judge presiding over the KWCA proceeding could find that work was the prevailing factor causing Plaintiff's injuries, making them "recoverable" within the meaning of the exclusivity clause and precluding

---

[18] *Id.*

[19] *Id.* (first citing *Kindel v. Ferco Rental, Inc.*, 899 P.2d 1058, 1063 (Kan. 1995); and then citing K.S.A. § 44-508).

[20] *Logue*, 2018 WL 2971746, at *2 (citing K.S.A. § 44-508(f)(2)(A)).

[21] *Id.* (quoting K.S.A. § 44-508(f)(2)(B)).

[22] *Id.* (quoting K.S.A. § 44-508(g)).

Plaintiff from bringing this action.  Based on the allegations in Plaintiff's Complaint, the Court cannot at this point say that the alleged repetitive trauma is the prevailing factor causing Plaintiff's injury, medical condition, and resulting disability or impairment, or that the exclusive remedy provision compels dismissal at this stage.  Rather, this determination is factual.[23]

Defendant's only argument in its motion to dismiss is that the exclusive remedy provision of the KWCA bars Plaintiff's claim.  But the exclusive remedy provision does not bar Plaintiff's claim unless work was the prevailing factor causing his injuries.  In the Complaint, Plaintiff maintains that work was not the prevailing factor, and the Court on a motion to dismiss must accept as true the facts as alleged by Plaintiff.  Therefore, Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted and, accordingly, the Court denies Defendant's motion to dismiss without prejudice.

Finally, because the Court has denied Defendant's motion to dismiss, it need not rule on Plaintiff's alternative request for a stay.  If either party raises the issue of a stay in a separately-filed, fully-briefed motion, the Court will consider it then.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion to Dismiss Plaintiff Bryant Gray's Complaint (Doc. 8) is **denied without prejudice**.

**IT IS SO ORDERED.**

Dated: March 22, 2023

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[23] *See, e.g., Endres v. Young*, 419 P.3d 497, 501 (Kan. Ct. App. 2018) ("Importantly, whether an injury occurs in the course of employment is a question of fact.").