IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRYANT GRAY,

   **Plaintiff,**

   v.              Case No. 6:22-cv-01255-HLT-TJJ

TYSON FRESH MEATS, INC.,

   **Defendant.**

## MEMORANDUM AND ORDER

  Plaintiff Bryan Gray was Defendant Tyson Fresh Meats, Inc.'s employee. Plaintiff was exposed to ammonia gas in a work-related accident. The exposure caused burns over large portions of his body. It also caused an acute injury to his kidneys. Before the accident, Plaintiff suffered from chronic kidney disease. Plaintiff's kidney disease deteriorated after the accident, and he eventually had to go on dialysis and have a kidney transplant. Plaintiff sought recovery under the Kansas Workers Compensation Act ("KWCA") for his burns and kidney-related conditions.

  The burns and acute kidney injury were compensated. But the Workers Compensation Appeals Board ("Board") concluded that Plaintiff's need for dialysis and a kidney transplant was not compensable under the act because the accident was not a prevailing factor causing those injuries. Plaintiff now sues Defendant under various negligence theories and seeks additional compensation. Defendant moves to dismiss and argues that the KWCA's exclusive-remedy provision bars Plaintiff's tort claims. Doc. 47. The Court finds that Plaintiff's injuries were injuries for which compensation was recoverable and grants Defendant's motion and dismisses Plaintiff's claims.

I.  **BACKGROUND**[1]

Plaintiff was employed by Defendant. He worked as a refrigeration technician. In November 2020, Plaintiff and another employee were performing maintenance on an ammonia refrigeration system at Defendant's production plant in Hutchinson, Kansas. Plaintiff alleges that certain safety protocols had not been followed when the maintenance was previously conducted. Plaintiff didn't know about the safety protocol failures. When he and his co-worker began their maintenance work, there was an ammonia leak. Plaintiff suffered severe burns from his neck to his knees because of his exposure to the ammonia gas. Plaintiff also suffered an acute injury to his kidneys.

Before the November 2020 ammonia leak, Plaintiff had been suffering from chronic kidney disease. In addition to the acute injury to his kidneys, the ammonia gas also aggravated and accelerated Plaintiff's chronic kidney disease. In the years following the ammonia leak, Plaintiff's chronic kidney disease continued to decline. Plaintiff eventually went on dialysis in 2022 and had a kidney transplant in 2023.

Plaintiff filed a workers' compensation claim seeking recovery for both his burns and the damage to his kidneys. With respect to his kidneys, the administrative law judge ("ALJ") who presided over his workers' compensation case concluded that he had sustained acute injury to his kidneys when he was exposed to the ammonia gas. But his need for dialysis and a kidney transplant was due to his chronic kidney disease and was only aggravated or accelerated by the ammonia gas exposure.

---

[1] These facts are taken from Plaintiff's amended complaint (Doc. 43) and the decision of the Board, which is attached to the amended complaint and incorporated by reference.

Plaintiff appealed to the Board. The Board affirmed the ALJ. The primary focus of the Board's decision was whether Plaintiff's ongoing kidney condition was the result of the accident or if it was solely an aggravation of his preexisting kidney condition. It considered the evidence of two doctors, one of whom opined that the need for dialysis and transplant was attributable to the work accident, and one of whom found that Plaintiff returned to baseline kidney function after the initial acute injury, and that the need for dialysis and transplant was due to the natural progression of Plaintiff's kidney disease. The Board agreed with the latter and found that Plaintiff's "ongoing chronic kidney disease is not compensable because the work-related injury solely aggravated or accelerated a preexisting condition."

Plaintiff now seeks recovery in tort for injuries arising out of the accident.[2]

**II.     STANDARD**

Defendant's Rule 12(b)(6) motion is based on an argument that Plaintiff's tort claims are barred as a matter of law by the KWCA's exclusive-remedy provision. This is an affirmative defense. *E.g.*, *Sommerville v. Healthcare Servs. Grp., Inc.*, 2012 WL 1416703, at *2 (D. Kan. 2012). Defendant can therefore only prevail on its motion to dismiss if, taking the allegations in Plaintiff's complaint as true, it can demonstrate that the exclusive-remedy provision applies. *See Russell v. Moving Proz LLC*, 2024 WL 4930524, at *1 (D. Kan. 2024). In this case, that means that Defendant has the burden to demonstrate that Plaintiff was its employee (which is not

---

[2] The amended complaint is not entirely clear on the injuries for which Plaintiff seeks to recover in this case. The Board's decision indicates Plaintiff was compensated to some extent for the work accident but not for his ongoing kidney issues. Doc. 43-1 at 7. The amended complaint seeks damages for past and future medical expenses, emotional distress, pain, suffering, disfigurement, loss of consortium, loss of household services, wages, loss of enjoyment of life, and reduced life expectancy. He also seeks punitive damages. But Plaintiff does not explicitly limit these losses to his ongoing kidney problems. It is not clear how Plaintiff would untangle the damages he seeks in this litigation from the compensation he has already received.

disputed) and suffered an injury for which compensation was recoverable under the KWCA. *See* K.S.A. § 44-501b(d).

## III. ANALYSIS

The KWCA contains an exclusive-remedy provision. That provision states in relevant part: "Except as provided in the workers compensation act, no employer . . . shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which compensation is recoverable under the workers compensation act . . . ." K.S.A. § 44-501b(d). This provision channels liability for an employee's work-related injuries through the workers' compensation scheme. *See Price ex rel. Price v. W. Res., Inc.*, 232 F.3d 779, 789 (10th Cir. 2000). The exclusive-remedy provision an important part of the balance that the workers' compensation scheme strikes between worker protection and fairness to employers. *Id.* A benefit of the KWCA for workers is that it insulates workers injured on the job from the uncertainties associated with pursuing recovery in tort. *Id.* And it assigns liability to employers regardless of fault. *Id.* But there's a trade-off. The recovery afforded workers through the KWCA is the only avenue of recovery. *Id.* "If an injured worker or his heirs can recover from anyone under the workers compensation act, they may not sue any employer for a second, separate recovery for the injury . . . ." *Id.*

Defendant argues the KWCA's exclusive-remedy provision forecloses Plaintiff's tort claims in this case. Plaintiff argues that the Board's conclusion that his dialysis and kidney transplant weren't compensable under the KWCA makes the exclusive-remedy provision inapplicable. The dispute, therefore, centers around whether Plaintiff's tort claims are based on an injury for which compensation was recoverable under the KWCA.

The Kansas Court of Appeals has addressed an almost identical factual scenario. In *Hopkins v. Great Plains Manufacturing, Inc.*, a worker was involved in a work accident that caused

acute injuries. 2021 WL 2021502, at *1 (Kan. Ct. App. 2021). The worker also had a pre-existing back condition that was exacerbated by the accident. *Id.* One doctor opined that the accident was the prevailing factor for the ongoing back problems, but two others found the work accident was not the cause of the ongoing issues, which were the result of aggravation of a preexisting condition. *Id.* The ALJ in the workers' compensation proceeding found the worker failed to meet his burden in showing that the work accident was the prevailing factor in his ongoing back problems. *Id.* at *2. The worker appealed to the Board, which found the worker "failed to meet the burden of proving his September 5, 2014, work-related injury by accident is the prevailing factor causing his permanent impairment and need for continuing and future medical treatment." *Id.* The worker then proceeded with a civil action and sought damages. *Id.*[3] The employer argued the exclusive-remedy provision barred the suit. *Id.* The district court found the exclusive-remedy provision barred the suit because the worker had failed to meet his burden before the workers' compensation tribunal, and therefore his ongoing impairment "was recoverable" under the KWCA. *Id.*

On appeal, the Kansas Court of Appeals affirmed. *Id.* at *5. It noted that the appeal turned on interpretation of the exclusive-remedy provision in the KWCA. *Id.* at *3. It rejected the worker's argument that his claim for ongoing medical care was not recoverable "as a matter of law" because it resulted from the aggravation of his preexisting condition. *Id.* at *4. The Court of Appeals found the worker could have recovered under the KWCA had he shown the work accident was the prevailing factor in causing his continuing medical problems but he failed to make that factual showing. *Id.* It also rejected the worker's claim that compensation was not recoverable because of the provision in the KWCA that states an "injury is not compensable solely because it

---

[3] Like this case, *see* Doc. 18, the civil suit in *Hopkins* was filed while the workers' compensation proceeding was ongoing and was stayed until it was resolved, *Hopkins*, 2021 WL 2021502, at * 2.

5

aggravated, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic." *Id.* (citing K.S.A. § 44-408(f)(2)). The Court of Appeals noted the use of the word "solely" in this provision and found the worker still could have recovered had he shown his work accident was the cause of his ongoing issues, i.e., that it was not <u>solely</u> caused by his preexisting condition. *Id.* The Court of Appeals concluded:

> Hopkins did not sustain two independent injuries resulting from his 2014 forklift accident. He sustained one injury with multiple consequences. One of those consequences was the aggravation of his preexisting degenerative disc disease. For Hopkins to recover under the Act for his ongoing medical care and disability, he needed to show that the work injury was the prevailing factor causing the current back problems, rather than the preexisting condition being the primary cause. This was the primary fact issue that was addressed in the workers compensation proceedings.
>
> Under these circumstances, it is incorrect to say that Hopkins could not recover under the Act as a matter of law for his ongoing medical needs. Hopkins would have fully recovered for his claims had the ALJ and the Board adopted Fluter's opinion. It was possible for Hopkins to fully recover for his claims under the Act, he simply failed to meet his burden of proof—at least according to the ALJ and the Board—and Hopkins made no attempt to seek judicial review of the Board's decision.

*Id.* at *4-5.

The Court acknowledges that *Hopkins* is an unpublished opinion. But it is nearly factually identical to this case and its reasoning is persuasive. Its reasoning also comports with this Court's interpretation of the exclusive-remedy provision within the overall context of the KWCA.

As noted above, the relevant portion of the exclusive-remedy provision says: "Except as provided in the workers compensation act, no employer . . . shall be liable for any injury, whether by accident, repetitive trauma, or occupational disease, for which <u>compensation is recoverable</u> under the workers compensation act . . . ." K.S.A. § 44-501b(d) (emphasis added). The act defines an injury as "any lesion or change in the physical structure of the body, causing damage or harm

thereto." K.S.A. § 44-508(f)(1). That same provision also defines when an injury is "compensable" under the KWCA:

> An injury is <u>compensable</u> only if it arises out of and in the course of employment. An injury is <u>not compensable</u> because work was a triggering or precipitating factor. An injury is <u>not compensable</u> solely because it aggravates, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic.

*Id.* § 44-508(f)(2) (emphasis added). In broad strokes, therefore, the KWCA outlines the circumstances when an injury is <u>compensable</u>, and it bars outside litigation for any injuries for which <u>compensation is recoverable</u>.

Plaintiff's view of the exclusive-remedy provision is that an employer is only immunized from tort liability for injuries that are found to be "compensable" under the KWCA. If injuries are not found to be compensable, Plaintiff's position is that an employer can be sued for the injury. In other words, Plaintiff's position is that "compensable" and "compensation is recoverable" mean the same thing. Defendant takes a different view. Defendant argues that whether a particular consequence of an injury is "compensable" is beside the point. The issue instead is whether recovery of some compensation under the act is possible at all for the injury. If so, "compensation is recoverable" and the exclusive-remedy provision kicks in and bars any civil tort litigation. And in Defendant's view, recovery of compensation here was possible because Plaintiff <u>did</u> get compensated for his injuries—just not to the extent he wanted.

Defendant has the better argument. Interpretation of a statute is a question of law. *State v. Anthony*, 58 P.3d 742, 743 (Kan. 2002). The Court's interpretation of the exclusive-remedy provision must comport with the principles and rules of statutory interpretation the Kansas Supreme Court has articulated. *Cf. United States v. DeGasso*, 369 F.3d 1139, 1145-46 (10th Cir. 2004). Under Kansas law, the Court's job is to give effect to the exclusive-remedy provision's

7

plain and unambiguous meaning. *State v. Wilson*, 552 P.3d 1228, 1236 (Kan. 2024). Given that the words "recoverable" and "compensation" are undefined but "compensable" is defined, the phrase "for which compensation is recoverable" most naturally refers to all injuries that are potentially compensable—whether or not compensation has been sought or awarded. This is the only interpretation that gives meaning to both "compensable" and "compensation is recoverable." Plaintiff's interpretation would conflate the two to mean the same thing. But where a statute uses different words, different meanings are presumed. *See Boatright v. Kansas Racing Comm'n*, 834 P.2d 368, 373 (Kan. 1992).

Adopting Plaintiff's reading would require that any substantive limit on recovery for a workplace injury could give rise to potential tort liability outside the KWCA, which would render the exclusive-remedy provision little more than a dead letter. The less fraught reading is that when an accidental injury has a consequence that is compensable, the injury is one for which compensation is recoverable. And further liability for the injury—whether compensable or not compensable under the statute—is foreclosed by the exclusive-remedy provision. Because Plaintiff seeks money damages in tort for the same accidental injury he has already been compensated for under the KWCA, his claims fall within the exclusive-remedy provision's reach.[4]

It is also the only interpretation that serves the purpose of the exclusive-remedy provision. Plaintiff's interpretation would effectively turn the workers' compensation process into little more

---

[4] Plaintiff alternatively claims the KWCA bars recovery for injuries that "merely" aggravate a preexisting condition. Doc. 49 at 6. What the statute says is that "[a]n injury is not compensable solely because it aggravates, accelerates or exacerbates a preexisting condition or renders a preexisting condition symptomatic." K.S.A. § 44-508(f)(2). As the court found in *Hopkins*, the fact that Plaintiff's injuries involve a preexisting condition does not take it out of the reach of the KWCA altogether, as Plaintiff seems to suggest. *See Hopkins*, 2021 WL 2021502, at *4 ("But Hopkins could still recover under the Act for his ongoing medical care and disability provided he could show that his 2014 work accident was the prevailing factor causing his need for continuing treatment and impairment, rather than the preexisting condition being the primary cause."). For the reasons discussed, Plaintiff's failure to make this showing before the ALJ and Board does not remove his ongoing injury from the realm of the KWCA.

than the first step on the road to the courthouse. A worker who fails to prove their claim before the workers' compensation tribunal—or fails to prove it to the extent sought—could simply try again in court on the grounds that their claim was found to be "not compensable." This is what the KWCA and the exclusive-remedy provision were designed to avoid. *See Price*, 232 F.3d at 789. Losing on the merits of a claim (or not winning to the full extent sought) does not mean the claim never fell within the scope of the KWCA to begin with.

The Court has considered Plaintiff's argument that this issue is ultimately a fact issue that cannot be decided on a motion to dismiss, as was found in *Logue v. Layne Inliner, LLC*, 2018 WL 2971746 (D. Kan. 2018). As discussed above, the Court views the issue in this case as one of statutory interpretation, not a fact issue.[5] To the extent there is a factual dispute between the parties on whether Plaintiff's ongoing kidney issue is "compensable" under the KWCA, that does not bear on whether the exclusive-remedy provision applies, as discussed above.

In sum, Plaintiff cannot now assert tort claims against his employer to supplement the compensation he has already recovered under the KWCA. This is precisely what the exclusive-remedy provision insulates employers against.[6]

---

[5] Plaintiff argues that he has pleaded that compensation is not recoverable under the KWCA, which the Court must accept that as true. Doc. 49 at 3-4. This is not entirely accurate. The amended complaint pleads that the Board found that the work accident was not the prevailing factor causing Plaintiff's ongoing kidney issue. Doc. 43 at ¶ 43. These are distinct concepts. The amended complaint also alleges that Plaintiff's workers' compensation claim was "fully litigated on the merits to a final Order." *Id.* ¶ 42. This underscores that what Plaintiff is attempting to do in this case is relitigate the portion of the Board's decision he is unhappy with. The exclusive-remedy provision was designed to avoid such second bites of the apple. The Court also notes that Plaintiff's attempt to relitigate the same question in a different forum necessarily requires the parties to take opposite positions than they did in the workers' compensation tribunal, i.e. on the question of whether the ongoing kidney injury was or was not caused by the work accident. This underscores the illogical nature of Plaintiff's position. Although Plaintiff argues Defendant should be estopped from taking the opposite position, he doesn't suggest why he wouldn't be held to the same standard. Moreover, Plaintiff's estoppel argument is moot because the issue is not whether and to what extent his injuries are compensable, but how the exclusive-remedy provision functions in this case, as discussed throughout.

[6] The Court notes Plaintiff's argument that *Hopkins* is not good law because it violates the Kansas Constitution. Plaintiff doesn't develop this argument. It merely directs the Court to a state trial court decision that precedes *Hopkins*. It is not the Court's job to review the decision and divine which arguments Plaintiff intends to rely upon. Even so, Plaintiff's argument is misguided. *Hopkins* itself addressed concerns about the exclusive-remedy

## IV.     CONCLUSION

The Court concludes that Plaintiff's claims fall within the exclusive-remedy provision's reach. Defendant's motion to dismiss is granted.

THE COURT THEREFORE ORDERS that Defendant's motion to dismiss (Doc. 47) is GRANTED. This case is closed.

IT IS SO ORDERED.

Dated: September 18, 2025                                /s/ *Holly L. Teeter*
                                                                             HOLLY L. TEETER
                                                                             UNITED STATES DISTRICT JUDGE

---

provision's consistency with the Kansas Constitution. 2021 WL 2021502, at *5-6. *Hopkins* rejected the claim that the exclusive-remedy provision (and by implication that court's interpretation of the provision) was contrary to the Kansas Constitution. *Id.* The Court likewise rejects Plaintiff's argument here.